O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | June 5, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS AND LOAN ASSOCIATION, et al. | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | | Tape No. |
| Attorneys **NOT** Present for Plaintiffs: | | Attorneys **NOT** Present for Defendants: | |

**Proceedings:**  IN CHAMBERS (No Proceedings Held)

On May 27, 2009, Defendant U.S. Bank National Association ("U.S. Bank") removed this action on the basis of federal question jurisdiction under 28 U.S.C. § 1441. U.S. Bank contends that three of Plaintiff Gertrude Barela's state law claims actually arise under the federal Truth in Lending Act. Notice of Removal ¶¶ 3-5. Barela sued five other named defendants in addition to U.S. Bank — including Downey Savings and Loan Association, F.A., Instant Capital Funding Group, Inc., KP Organization, Inc., Paul Campos, and Jack Conrad — and U.S. Bank states in its notice of removal that "All named defendants have joined in this notice of removal." *Id.* ¶ 8. U.S. Bank is successor in interest to one of the named defendants, Downey Savings and Loan Association, F.A.

A federal court must determine its own jurisdiction even if there is no objection to it. *Rains v. Criterion Sys., Inc.,* 80 F.3d 339 (9th Cir. 1996). The removal statute is strictly construed against removal and the burden of establishing jurisdiction in the federal forum rests on the party invoking the statute — here, Defendant. *Ethridge v. Harbor House Rest.*, 861 F.2d 1389, 1393 (9th Cir. 1988); *Indus. Tectonics, Inc. v. Aero Alloy*, 912 F.2d 1090, 1092 (9th Cir. 1990). A removing defendant must set forth "a short and plain statement of the grounds for removal." 28 U.S.C. § 1446(a). All defendants in the state action must normally join in the notice of removal. *Parrino v. FHP, Inc.*, 146 F.3d 699, 703 (9th Cir. 1998), *overruled on other grounds by Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676 (9th Cir. 2006); Schwarzer, et al., *Federal Civil Procedure Before Trial*, ¶¶ 2:611, 2:974 (2009). "It is not required that all defendants actually sign the notice of removal. But those who do not sign should submit a written form of joinder by which they agree to the action taken on their behalf." *Id.* at ¶ 2:975 (citations omitted).

O

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | June 5, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS AND LOAN ASSOCIATION, et al. | | |

    U.S. Bank has failed to provide any evidence that any of the other named and served defendants (aside from Downey Savings and Loan) have actually consented to removal.  Nor has any of the other named defendants filed written forms of joinder in the notice of removal.  U.S. Bank is therefore ORDERED to SHOW CAUSE in writing by not later than **June 17, 2009** why this case should not be remanded due the lack of consent by all named defendants.  Failure to respond on or before that date will be construed as consent to remand.

|  | : |
|---|---|
| Initials of Preparer | SMO |