O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

| Present: The Honorable | A. HOWARD MATZ, U.S. DISTRICT JUDGE | | |
|---|---|---|---|
| Stephen Montes | Not Reported | | |
| Deputy Clerk | Court Reporter / Recorder | Tape No. | |
| Attorneys **NOT** Present for Plaintiffs: | Attorneys **NOT** Present for Defendants: | | |

**Proceedings:**    IN CHAMBERS (No Proceedings Held)

On April 24, 2009, Plaintiff Gertrude Barela filed this home foreclosure action in Los Angeles Superior Court. Barela alleged only state law claims, but Defendant U.S. Bank National Association ("U.S. Bank"), Successor in Interest to the Federal Deposit Insurance Corporation as Receiver for Downey Savings and Loan Association, F.A., removed the case on the basis that Plaintiff had artfully pled federal claims under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. ("TILA"). U.S. Bank then filed a motion to dismiss, and Plaintiff filed a motion to remand. On July 13, 2009, this Court held a hearing on the motion to dismiss, and subsequently took both motions under submission.

The Court GRANTS the motion to remand, because it finds that no federal statute "completely preempts" Plaintiff's state law claims related to non-disclosure of loan terms.[1]

## I.    BACKGROUND

Plaintiff's action arises out of an allegedly fraudulent home financing scheme in

---

[1] In an earlier case, *Salgado v. Downey Savings & Loan Association*, No. CV 09-1771, 2009 WL 960777 (C.D. Cal. April 6, 2009), this Court concluded that the Home Owners' Loan Act does completely preempt state law claims. Plaintiff's motion to remand has prompted the Court to revisit this issue and examine more closely the implications of the Ninth Circuit's statement that regulation of loans by thrifts is "a field preempted *entirely* by federal law." *See Silvas v. E*Trade Mortgage Corp.*, 514 F.3d 1001, 1004 (9th Cir. 2008) (emphasis added). For the reasons discussed below, the Court concludes that *Silvas* did not decide the issue of complete preemption.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

which the defendant broker inflated Plaintiff's income on the loan application form, and the defendant lender approved a subprime mortgage without disclosing that it was a negative amortization loan.  Compl. ¶ 10.  Plaintiff asserts state law claims for fraud by forgery, concealment, fraud, negligent misrepresentation, quiet title, breach of fiduciary duty, elder abuse, intentional infliction of emotional distress, and negligence.  She prays for declaratory relief and seeks to enjoin foreclosure and cancel the Deed of Trust.

U.S. Bank's Notice of Removal asserts that three of Plaintiff's state law claims are artfully pled TILA claims related to the non-disclosure of loan terms.  First, it notes, Plaintiff's claim for concealment alleges that the defendants "failed to disclose to Plaintiff the material facts of the . . . loan," including the interest rate and that the mortgage was a negative amortization loan.  The Complaint alleges specifically that "the Federal Truth-In-Lending Disclosure Statement of May 8, 2006, did not state that this was a negative amortization loan . . . ."  Compl. ¶ 37.  Second, Plaintiff's fraud claim alleges that the defendant broker "committed fraud by making false and deceptive statements to Plaintiff regarding the terms of the aforementioned loan."  Compl. ¶ 49.  Finally, Plaintiff's claim for negligence alleges that the defendant broker breached its duty of care by failing to disclose key terms of the loan.  Compl. ¶ 113.

## II.     LEGAL STANDARDS ON REMOVAL

A motion to remand is the proper procedure for challenging removal, but a federal court must determine its own jurisdiction even if there is no objection to it.  28 U.S.C. § 1447(c); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 342 (9th Cir. 1996).  The removal statute is strictly construed against removal, and any doubt about the right of removal requires resolution in favor of remand.  *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009) (citations omitted).  Thus, the burden of establishing jurisdiction in the federal forum rests on the defendant.  *Id.*

## III.    FEDERAL JURISDICTION

U.S. Bank seeks to remove Plaintiff's state law claims for concealment, fraud, and negligence.  "[A] state claim may be removed to federal court in only two circumstances — when Congress expressly so provides . . . or when a federal statute wholly displaces the state-law cause of action through complete pre-emption."  *Beneficial Nat'l Bank v.*

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

*Anderson*, 539 U.S. 1, 8 (2003). The principle of complete preemption is sometimes invoked by reference to the "artful pleading" doctrine, under which "a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law." *Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 687 (9th Cir. 2007). U.S. Bank asserts that Plaintiff has artfully pled her state law claims because state law claims regarding non-disclosure of loan terms are completely preempted by federal law.

It is important to distinguish complete preemption from "ordinary" preemption. Ordinary preemption is merely a federal law defense to a state-law claim, and "is insufficient to confer federal jurisdiction if the complaint on its face does not present a federal question." *Moore-Thomas*, 553 F.3d at 1244 (citing *Valles v. Ivy Hill Corp.*, 410 F.3d 1071, 1075 (9th Cir. 2005)). But when there is complete preemption, a defendant may remove a state-law claim. This is so because "[w]hen [a] federal statute completely pre-empts [a] state-law cause of action, a claim which comes within the scope of that cause of action, even if pleaded in terms of state law, is in reality based on federal law. This claim is then removable under 28 U.S.C. § 1441(b), which authorizes any claim that 'arises under' federal law to be removed to federal court." *Beneficial Nat'l Bank*, 539 U.S. at 8.

Complete preemption is a rarity, and the Supreme Court has identified only three federal statutes that completely preempt state law: the Labor Management Relations Act, the Employee Retirement Income Security Act, and the usury provisions of the National Bank Act. These statutes stand alone because they "provide[] the *exclusive cause of action* for the claim asserted and also set forth procedures and remedies governing that cause of action." *Beneficial Nat'l Bank*, 539 U.S. at 8 (emphasis added). Whether or not a statute provides the exclusive cause of action for certain claims is thus "the dispositive question." *Id.* at 9. *See also Hall v. N. Am. Van Lines, Inc.*, 476 F.3d 683, 688 (9th Cir. 2007) (holding that the Carmack Amendment completely preempts state law claims).

Neither the Supreme Court nor the Ninth Circuit has addressed whether federal law completely preempts state law claims related to the non-disclosure of mortgage terms. U.S. Bank relies on *Silvas v. E*Trade Mortgage Corp.*, in which the Ninth Circuit held that the Home Owners' Loan Act ("HOLA") preempted claims brought under California's Unfair Competition Law. 514 F.3d 1001 (9th Cir. 2008). The plaintiff in

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

*Silvas* claimed that the defendant violated the Unfair Competition Law by failing to provide a refund of a deposit as required by TILA. Although the Ninth Circuit held that these claims were preempted because they "provide state remedies for violations of federal law in a field preempted entirely by federal law," *Silvas* never reached the question of complete preemption, and did not characterize HOLA as completely preempting state law claims.

A close look at HOLA and its implementing regulations suggests that HOLA does not completely preempt Plaintiff's state law claims.

HOLA's preemptive effect is based on a regulation promulgated by the Office of Thrift Supervision ("OTS"), 12 C.F.R. § 560.2. Section 560.2(a) provides that,

> OTS hereby occupies the entire field of lending regulation for federal savings associations. OTS intends to give federal savings associations maximum flexibility to exercise their lending powers in accordance with a uniform federal scheme of regulation. Accordingly, federal savings associations may extend credit as authorized under federal law . . . without regard to state laws purporting to regulate or otherwise affect their credit activities, *except to the extent provided in paragraph (c) of this section or § 560.110 of this part*.

12 C.F.R. § 560.2(a) (emphasis added).

The "dispositive question" for complete preemption is not simply whether HOLA preempts state law by occupying a field of regulation. The issue is whether HOLA provides "the exclusive cause of action" for the claims asserted by Plaintiff. Section 560.2 makes clear in subsection (c) that it does *not* preempt certain enumerated state law claims related to lending "to the extent that they only incidentally affect the lending operations of Federal savings associations or are otherwise consistent with the purposes of paragraph (a) of this section." 12 C.F.R. § 560.2(c). These include claims brought under contract and commercial law, real property law, homestead laws, tort law, criminal law, and "[a]ny other law that OTS, upon review, finds . . . [f]urthers a vital state interest; and [e]ither has only an incidental effect on lending operations or is not otherwise

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

contrary to the purposes expressed in paragraph (a) of this section." *Id.*[2] *See Bolden v. KB Home*, 618 F. Supp. 2d 1196, 1204-05 (C.D. Cal. 2008) (Pregerson, J.) (holding that OTS regulations did not completely preempt an unfair competition claim in part because 12 C.F.R. § 560.2(c) "specifically exempts particular state laws from the regulation's preemptive scope.").

Section 560.2(b) lists specific types of state laws that are preempted, including those related to "[d]isclosure and advertising." To be sure, the Ninth Circuit found that the state law claims enumerated in section 560.2(b), such as those related to disclosure, are preempted. *Silvas*, 514 F.3d at 1005 (citing OTS, Final Rule, 61 Fed. Reg. 50951, 50966-67 (Sept. 30, 1996)). But because the OTS regulation itself explicitly does not preempt other state law claims, HOLA does not have the "unusually 'powerful' preemptive force" that goes beyond merely preempting state law claims to also permit removal. *See Beneficial Nat'l Bank*, 539 U.S. at 6 (quoting *Franchise Tax Bd. of Cal. v. Construction Laborers Vacation Trust for Southern Cal.*, 463 U.S. 1, 23-24 (1983)). This conclusion is reinforced by the fact that the supposed basis for removal is found in a regulation, not a statute. Although federal regulations could have the same preemptive effect as federal statutes, *see Fidelity Federal. Savings & Loan Ass'n v. de la Cuesta*, 458 U.S. 139, 153-54 (1982), the extraordinary consequences of complete preemption counsel against finding the requisite Congressional intent when the regulation reflects only the views of an executive branch agency acting without Congressional guidance.

This analysis of HOLA and its regulations is supported by two additional considerations. First, and most importantly, if there is any federal cause of action under which Plaintiff could bring her disclosure-based claims, it is provided by TILA. But TILA itself does not provide an exclusive cause of action: it has a "savings clause" stating that it preempts state law only if the state law is inconsistent with TILA. 15

---

[2] In addition, 12 C.F.R. § 560.110 provides that state law governs the permissible interest rates charged by federal savings associations. Notwithstanding these explicit limits on the scope of § 560.2, in *Silvas* the Ninth Circuit described HOLA and its regulations as "a radical and comprehensive response to the inadequacies of the existing state system," and "so pervasive as to leave no room for state regulatory control." *Silvas*, 514 F.3d at 1004 (quoting *Conference of Fed. Sav. & Loan Ass'ns v. Stein*, 604 F.2d 1256, 1257, 1260 (9th Cir. 1979)). This was mere dicta.

O

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

U.S.C. § 1610(b). *See In re Nos Commc'ns, MDL No. 1357*, 495 F.3d 1052, 1058 (9th Cir. 2007) ("A savings clause [in this case, a very broad one] is fundamentally incompatible with complete field preemption . . . ."); *Rains v. Criterion Sys., Inc.*, 80 F.3d 339, 345 (9th Cir. 1996) (holding that Title VII does not completely preempt state law, but "[r]ather Title VII only preempts state law inconsistent with it.").[3]

    Second, it is notable that the Ninth Circuit dismissed the plaintiff's unfair competition claims in *Silvas*, rather than directing the district court to recharacterize them as federal claims. The latter course would have been the logical result if HOLA completely preempted state law claims.

    For these reasons, the Court finds that neither HOLA nor TILA completely preempt Plaintiff's state law claims.

    Aside from preemption, U.S. Bank has not raised any other basis for this Court's jurisdiction, and this Court does not believe that any such basis exists. *See generally, Lippitt v. Raymond James Fin. Servs., Inc.*, 340 F.3d 1033, 1039-46 (9th Cir. 2003); *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979, 982 (9th Cir. 1997) ("Any lingering apprehension about the plaintiffs' intentions was resolved by plaintiffs' immediate actions clarifying their intent upon removal. From the genesis of the case, plaintiffs have adamantly eschewed relief based on federal law.").

    The Court therefore grants Plaintiff's motion to remand.

    The Court denies Plaintiff's requests for costs and fees pursuant to 28 U.S.C. § 1447.

---

[3] The Ninth Circuit held in *Silvas* that TILA's savings clause does not "trump . . . the preemptive effect of HOLA." *Silvas*, 514 F.3d at 1007. But this conclusion speaks only to whether HOLA preemption is a *defense* to certain state law claims. It does not bear on the separate analysis that a court must undertake to determine whether HOLA completely preempts state law claims. As the Supreme Court made clear in *Beneficial National Bank*, that analysis depends on whether the relevant federal statute provides the exclusive cause of action.

O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 09-3757 AHM (PLAx) | Date | August 18, 2009 |
|---|---|---|---|
| Title | GERTRUDE BARELA v. DOWNEY SAVINGS & LOAN ASSOCIATION, F.A. *et al.* | | |

## IV.  CONCLUSION

For the foregoing reasons, the Court GRANTS Plaintiff's motion to remand,[4] and REMANDS this case to the Los Angeles Superior Court.

No hearing is necessary.  Fed. R. Civ. P. 78; L. R. 7-15.

|  | : |  |
|---|---|---|
| Initials of Preparer | SMO |  |

**JS-6**

---

[4] Docket No. 21.